IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 24-CR-00287 |
| | § | |
| STEPHANIE HOCKRIDGE | § | |

## MOTION TO QUASH SUBPOENA

**TO THE HONORABLE DISTRICT JUDGE REED O'CONNOR:**

**COMES NOW Christabel Warzel**, by and through undersigned counsel, and respectfully moves this Honorable Court to quash the subpoena issued to her in the above-captioned matter. In support thereof, she would show as follows:

### BACKGROUND[1]

On or about May 16, 2025, the defense issued a subpoena commanding Christabel Warzel to appear and testify at trial on June 9, 2025, in Fort Worth, Texas. Ms. Warzel is a full-time prosecutor employed by the Maricopa County Attorney's Office and resides in Phoenix, Arizona.

Ms. Warzel has no ties to the Northern District of Texas and was not personally served with the subpoena. Instead, the document was left with Debbie MacKenzie, a custodian of records at Maricopa County Attorney's Office, on Thursday, June 5, 2025. Ms. Mackenzie later forwarded the subpoena to Ms. Warzel. Ms. MacKenzie was not authorized to accept legal service on Ms. Warzel's behalf, and the subpoena was never personally delivered to Ms. Warzel, as required by Rule 17(d) of the Federal Rules of Criminal Procedure.

---

[1] An Affidavit supporting the following facts is attached hereto and marked as Exhibits A.

Additionally, the subpoena was issued without tendering the requisite witness fees or mileage reimbursement, as mandated by 28 U.S.C. § 1821 and Rule 17(d). With the trial scheduled for June 9, 2025, Ms. Warzel had one business day to prepare, arrange travel across state lines, and comply—an unreasonable and burdensome expectation.

## ARGUMENT & AUTHORITIES

Rule 17(d) mandates personal delivery of a subpoena to a witness. This requirement is not a technicality but a foundational aspect of due process and adequate notice. The Fifth Circuit has made clear that personal service is not optional. *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (stating "the rule indicates that proper service requires…personal delivery of the subpoena" when interpreting the companion Federal Rule of Civil Procedure 45(b)(1)). Forwarding a subpoena via a third party, even if the witness later becomes aware of the subpoena, is insufficient to affect proper service.

Ms. Warzel's receipt of the subpoena through internal office channels does not fulfill the legal requirements for service and renders the subpoena unenforceable. Additionally, Ms. MacKenzie is not authorized to accept personal service on behalf of any Maricopa County employees. She is only authorized to accept service on behalf of the Maricopa County Attorney's Office for work-related matters.

Moreover, the failure to tender witness fees and travel expenses at the time of service constitutes an additional defect. Rule 17(d) and 28 U.S.C. § 1821 require that these payments accompany the subpoena, particularly when the witness resides out of state. Ms. Warzel has received neither, which alone invalidates the subpoena. Courts consistently hold that failure to tender such fees strips a subpoena of its enforceability.

Compliance with the subpoena would impose a significant hardship. Ms. Warzel is a new mother, having given birth to her first child six months ago. There is no outside childcare available, and she and her husband coordinate their work schedules to alternate caregiving responsibilities. Furthermore, as a full-time prosecutor for Maricopa County, Ms. Warzel's professional obligations are already substantial. Requiring her to travel more than 1,000 miles on short notice would not only severely disrupt her official duties but also place an unreasonable strain on her family during a critical stage of early parenthood. This kind of undue burden cannot be reconciled with the principles laid out by the Supreme Court in United States v. Nixon, 418 U.S. 683 (1974), which emphasized the importance of balancing necessity with burden in the context of subpoenas—particularly where the materiality of the testimony is unclear and alternative means are available.

Finally, the time frame provided for compliance is plainly unreasonable. Courts, including the Fifth Circuit in *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004), recognize that subpoenas which afford inadequate time to respond may be quashed. Ms. Warzel had less than a full business day to prepare and travel, rendering the subpoena practically impossible to comply with.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Christabel Warzel respectfully requests that the Court grant this Motion to Quash, find that the subpoena was not properly served, determine it to be unenforceable for failure to tender required fees and mileage, recognize the undue burden it imposes, and find that the time provided for compliance is unreasonable. Ms. Warzel prays for such other and further relief to which she may be justly entitled.

Respectfully submitted,

**CHRIS LEWIS + ASSOCIATES, PC**
Comerica Bank Tower
1717 Main Street, Suite 4625
Dallas, Texas 75201
Telephone (214) 665.6930
Facsimile (214) 665.6940

*/s/*Christopher W. Lewis
**Christopher W. Lewis**
State Bar No. 24004765
CLewis@lewisdefense.com

**Katie Bishkin**
State Bar No. 24087170
KBishkin@lewisdefense.com
**Attorneys for Christabel Warzel**

## CERTIFICATE OF CONFERENCE

I certify that on the 8th day of June 2025, I conferenced with Vernon Lewis of Bryan Cave (the law firm representing Stephanie Hockridge) concerning this motion, and he informed me that Richard Finneran (lead attorney for Stephanie Hockridge) opposes the relief requested in this motion.

/s/Christopher W. Lewis
Christopher W. Lewis

## CERTIFICATE OF SERVICE

I certify that on the 8th day of June 2025, I electronically filed this document with the Clerk of Court for the Northern District of Texas, using the electronic case filing (ECF) system of the Court, and thereby served it on counsel of record in this case.

/s/Christopher W. Lewis
Christopher W. Lewis

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CRIMINAL NO. 24-CR-00287 |
| § | |
| STEPHANIE HOCKRIDGE § | |

**AFFIDAVIT OF CHRISTABEL WARZEL**

**BEFORE ME**, the undersigned authority personally appeared, Christabel Warzel, who swore on oath as follows:

I, Christabel Warzel, being duly sworn, depose and state as follows:

"My name is Christabel Warzel. I am over 18 years of age, of sound mind, and I have never been convicted of a felony or a crime of moral turpitude. I have personal knowledge of the facts stated in this affidavit and all the facts stated herein are true and correct."

"I am employed as a prosecutor with the Maricopa County Attorney's Office in Phoenix, Arizona and currently reside in Phoenix, Arizona."

"I was not personally served with a subpoena in the above-captioned matter."

"I became aware of the subpoena on Thursday, June 5, 2025, when it was forwarded to me by a colleague from my office."

"The subpoena commands my appearance at trial in Fort Worth, Texas, on June 9, 2025."

"Complying with the subpoena would impose a significant burden on me, requiring last-minute travel and disruption of my professional duties and would impose a significant financial burden on me as well."

"I have not received any witness fees or financial consideration to assist with travel expenses."

Executed on June 06, 2025.

*eSigned by Black Knight EXP-DocVerify: 2025-06-06 21:38:10 EDT*

*Christabel Warzel*

5697408:32903766:38678659

**CHRISTABEL WARZEL**

**EXHIBIT A**

SWORN and SUBSCRIBED before me, the undersigned authority, on June __6th__, 2025.





Notary Public in and for
__Maricopa__ County, __Arizona__

Notarial Act Performed by Audio visual communication