IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal Action No. 4:24-CR-00287-O |
| § | |
| STEPHANIE HOCKRIDGE (02) § | |
| § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Stephanie Hockridge's Motion for New Trial Based on Newly Disclosed *Brady* Evidence (Doc. 341) and Memorandum in Support (Doc. 342); and the Government's[1] Opposition to Defendant's Motion for a New Trial (Doc 346). Having reviewed the evidence presented at trial, the briefing and applicable law, the Court finds that the newly disclosed evidence was not suppressed nor material for *Brady* purposes. Accordingly, Defendant's Motion is **DENIED**.

### I.   BACKGROUND

The factual background of this case has been extensively laid out in prior briefing, so the Court does not recite it here. In the present motion for a new trial, Defendant argues that she is entitled to a new trial because, following Defendant's trial, the Government produced (1) an audio recording and MOI of a 2023 interview with Newly Disclosed Government Witness #1 ("GW-1"), (2) a transcript of an interview of Newly Disclosed Government Witness #2 ("GW-2"), and (3) the audio recording and transcript of an interview of Newly Disclosed Government Witness #3 ("GW-

---

[1] For purposes of this Order, the "Government" refers to the prosecution team of Northern District of Texas, unless otherwise stated.

3"), all of whom were involved in fraudulent activities with Karnezis related to their PPP applications.[2] Defendant argues that the newly disclosed evidence constitutes suppressed material evidence under *Brady v. Maryland*.[3] 373 U.S. 83 (1963).

## II.     LEGAL STANDARD

Under Federal Rule of Criminal Procedure 33(b)(1), a defendant may move for a new trial on the basis of newly discovered evidence within three years of a guilty verdict. The Court may grant such a motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Court's inquiry on a Rule 33 motion "goes to the fairness of the trial rather than to the question of guilt or innocence." *United States v. McRae*, 795 F.3d 471, 481 (5th Cir. 2015) (citations omitted).

"Under *Brady* and its progeny, due process requires that the prosecution disclose evidence that is both favorable to the defendant and material to guilt or punishment." *Floyd v. Vannoy*, 894 F.3d 143, 161 (5th Cir. 2018) (citing *Brady*, 373 U.S. at 87). "This duty to disclose exists irrespective of a request from the defense and extends to all evidence known not just to the prosecutors, but 'to the others acting on the government's behalf in the case, including the police.'" *Id*. at 161–62 (internal citation omitted) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)). "*Giglio* applies *Brady* to evidence affecting the credibility of key government witnesses." *United States v. Dvorin*, 817 F.3d 438, 450 (5th Cir. 2016) (citation omitted). "[W]hen a motion for new trial based on newly discovered evidence raises a *Brady* claim, this court instead applies the three-prong *Brady* test to determine whether a new trial is appropriate." *United States v. Runyan*, 290 F.3d 223, 247 (5th Cir. 2002).

---

[2] Def.'s Br. Supp. Mot. New Trial 1–2, Doc. 342.
[3] *Id*. at 4.

To obtain a new trial pursuant to *Brady* and its progeny, defendants must demonstrate that "(1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material to either guilt or punishment." *Id*.

"Evidence is not 'suppressed' if the defendant 'knows or should know of the essential facts that would enable him to take advantage of it . . . . The government is not required, in other words, to facilitate the compilation of exculpatory material that, with some industry, defense counsel could marshal on their own.'" *Id*. at 246 (alteration in original) (quoting *United States v. Shoher*, 555 F. Supp. 346, 352 (S.D.N.Y. 1983)); *see also United States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997) (explaining that "[w]hen information is fully available to a defendant at the time of his trial and his only reason for not obtaining and presenting the evidence to the court is his lack of reasonable diligence, the defendant has no *Brady* claim") (internal quotation marks and citation omitted). As to the second prong, "evidence impeaching a prosecution witness is favorable *Brady* evidence." *Floyd*, 894 F.3d at 163 (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)).

Finally, with respect to the third prong, evidence is material if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Brumfield*, 89 F.4th 506, 513–14 (5th Cir. 2023) (quoting *Bagley*, 473 U.S. at 682). "A reasonable probability is established when the failure to disclose the suppressed evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 514 (quoting *Runyan*, 290 F.3d at 247) (citation modified). The materiality of suppressed evidence is "considered collectively, not item by item." *Kyles v. Whitley*, 514 U.S. 419, 436 (1995).

**III.    ANALYSIS**

A. **Suppression of Evidence**

Defendant argues that the Government was in possession of the allegedly withheld evidence prior to trial or at the very least had access to the evidence and therefore possessed it for *Brady* purposes.[4] The Court has already addressed Defendant's argument in its Memorandum Opinion and Order denying Defendant's motion to compel.[5] Because Defendant has not raised any new arguments here, the Court refers to its reasoning in denying the Motion to Compel and finds that the evidence was not suppressed within the meaning of *Brady*.[6]

B. **Materiality of the Evidence**

Even if the Court were to conclude that the evidence in question was suppressed under *Brady*, Defendant has not shown that the evidence is material. "For evidence to be material, there must be a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Brumfield*, 89 F.4th at 513–14. A "reasonable probability" is less than a preponderance of the evidence—it "does not mean that the defendant 'would more likely than not have received a different verdict with the evidence,' only that the likelihood of a different result is great enough to 'undermine confidence in the outcome of the trial.'" *Smith v. Cain*, 565 U.S. 73, 75 (2012) (citation modified) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Defendant argues that the newly disclosed evidence tends to show that she did not knowingly join any conspiracy, and that the Government presented evidence at trial, not of one conspiracy, but of several different conspiracies.[7] In support, Defendant argues that GW-1 and

---

[4] Def.'s Br. Supp. Mot. New Trial 5–6, Doc. 342.
[5] Order Den. Def.'s Mot. Compel 4–5, Doc. 348.
[6] *Id*.
[7] Def.'s Br. Supp. Mot. New Trial 4–6, Doc. 342.

GW-2 were describing a different conspiracy that involved Karnezis but predated Defendant's and Karnezis's meeting.[8] The Government responds that even if Karnezis was involved in a separate conspiracy in 2020, that does not absolve Defendant of her participation in a conspiracy with Karnezis in 2021.[9]

The Court agrees with the Government. The fact that the newly disclosed evidence *might* provide a basis for inferring a conspiracy that Defendant was not involved in does not mean that Defendant did not engage in the convicted conspiracy. *See Rocha v. Thaler*, 619 F.3d 387, 396 (5th Cir. 2010) ("The materiality of *Brady* material depends almost entirely on the value of the evidence relative to the other evidence mustered by the state."). At most, the evidence at issue could have impeached elements of Karnezis's testimony. But as stated, there is sufficient documentary evidence independent of Karnezis's testimony to support Defendant's guilt.[10] *See Brumfield*, 89 F.4th at 514-15 ("[S]uppressed evidence [is not] material when the testimony of the witness who might have been impeached by the undisclosed evidence is strongly corroborated by additional evidence supporting a guilty verdict."). The Government presented evidence independent of Karnezis's testimony to show Defendant's knowing involvement in submitting fraudulent loans.[11]

The Court concludes that there is no reasonable probability that the result of Defendant's trial would have been different had the evidence in question been disclosed prior to trial. Therefore, Defendant has failed to meet the materiality-prong of *Brady*.

IV.   **CONCLUSION**

---

[8] *Id.* at 6–10.
[9] Gov.'s Opp. Def.'s Mot. New Trial 7, Doc. 346.
[10] *See e.g.*, Gov.'s Opp. Def's Mot. J. Acquittal New Trial 1–22, Doc. 279-1.
[11] *See id.*

For the foregoing reasons, Defendant's Motion for New Trial under *Brady* is **DENIED**.

Additionally, Defendants' Request for Hearing on the Motion (Doc. 350) is **DENIED as moot**.

**SIGNED** this **20th day** of **November, 2025**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**