**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:24 CR-00287-O |
| | § | |
| STEPHANIE HOCKRIDGE, a/k/a | § | (02) |
| STEPHANIE REIS, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT STEPHANIE HOCKRIDGE'S OPPOSED**
**CONDITIONAL MOTION FOR A STAGGERED SENTENCE**

Defendant Stephanie Hockridge, by and through undersigned counsel, hereby conditionally moves that, in the event the Court imposes a custodial sentence upon her, she be granted a sentence that is staggered with that of her husband and codefendant Nathan Reis, for the sake of their infant son W.R. In support of this Motion, Ms. Hockridge respectfully states:

1.      In her Sentencing Memorandum (Doc. #304), Ms. Hockridge has sought a non-custodial sentence in light of her objections to the Presentence Investigation Report and other factors she contends warrant a downward variance or departure from the Sentencing Guidelines range.

2.      In the event, however, that the Court is unpersuaded by Ms. Hockridge's arguments and elects to impose a custodial sentence, Ms. Hockridge respectfully requests that the Court allow Ms. Hockridge to serve any sentence staggered with that of her codefendant and husband Nathan Reis, in order to avoid imposing any unnecessary hardship on their infant son.

3.      Mere weeks before her indictment—and at a time when the Government had not notified her that she was a target of its investigation—Ms. Hockridge gave birth to her and Mr. Reis's only child, W.R., who is now one year old. The letters submitted in support of Ms.

1

Hockridge for sentencing recount Ms. Hockridge's devotion to W.R. and her close bond with him. But if the Court imposes custodial sentences in her case and Mr. Reis's case, her son will grow up without either of his parents. The law does not require the Court to create such a harsh result.

4.    This Court has "broad sentencing discretion" in assessing an appropriate custodial sentence. *See United States v. Nikonova*, 480 F.3d 371, 376 (5th Cir. 2007). Pertinent here, the Fifth Circuit has upheld the discretion of a district court "to defer serving [a] federal sentence" when the circumstances make such deferral appropriate. *Scott v. United States*, 434 F.2d 11, 20 (5th Cir. 1970).[1]

5.    Other courts across the country have repeatedly sought to "maintain parental continuity" for minor children by "granting codefendant parents' requests for staggered sentences" in similar circumstances. *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010); *see also, e.g.*, *United States v. Marsh*, No. 10-CR-0480, 2011 WL 5325410, at *24 (E.D.N.Y. Oct. 26, 2011) ("Generally, in cases where both parents of a young child receive incarceratory sentences, the court considers staggered service, where one parent completes the incarceratory portion of his or her sentence before the other so that one parent is always available to care for the child."); *United States v. Tartareanu*, No. 2:12-CR-175-PPS, 2020 WL 5576730, at *5 (N.D. Ind. Sep. 17, 2020) ("As part of my discretion in sentencing, and on account of the Tartareanus' minor children, I ordered their sentences to be staggered, so that both parents would not be simultaneously incarcerated."); *United States v. Gasich*, No. 2:14-cr-63, 2019 WL 4261614, at *1 (N.D. Ind. Sep. 9, 2019) ("When I sentenced Barbara Gasich and her husband . . . I staggered their sentence so that

---

[1]    Although the deferred sentence in *Scott* reflected the district court's decision to effectively *extend* the defendant's imprisonment (by making his federal sentence commence after he finished serving a sentence in state prison), *Scott* nonetheless stands for the proposition that a district court need not order immediate remand to custody but may instead defer the commencement of the period of confinement.

one parent could always be around for their young child who will live at home."); *Hussain v. United States*, No. 16-CR-6124, 2017 WL 4014503, at *3 (W.D.N.Y. Sept. 12, 2017) ("The Petitioner asked the Court to stagger her and her husband's sentences 'to allow for child care for the co-defendants' four children.' . . . The Court granted that request."); *United States v. English*, 333 F. Supp. 3d 1311, 1315 (M.D. Ala. July 24, 2018) ("[T]he court granted his unopposed motion for staggered sentences, in the event that his wife is sentenced in this case, so that one of the parents may be released on supervision while the other is serving their sentence.").

6.     Where courts have denied codefendant parents' requests for staggered sentences, they have done so where the children were grown and where they were born prior to the conduct for which the defendant was convicted. *See, e.g.*, *United States v. Roskovski*, No. 2:19-cr-106-1, 2021 WL 3493404 (W.D. Pa. Aug. 9, 2021) (denying request for staggered sentence where defendant sought to assist her "23-year-old son's medical condition," as he was "a fully functioning adult with employment" and was not "unable to physically care for himself"); *United States v. Cruz*, No. 2:10-CR-115-FTM-29, 2011 WL 4048965, at *1 (M.D. Fla. Sept. 13, 2011) ("Defendants engaged in joint criminal activity ***while they had the children***, and are not now entitled as a matter of right to have the Court ameliorate the foreseeable consequences of their criminal conduct." (emphasis added)). Here, by contrast, W.R. was conceived after the conspiracy alleged in the Superseding Indictment had concluded and was born before Ms. Hockridge was indicted or notified she was a target.

7.     The undersigned has conferred with counsel for Mr. Reis, who does not oppose the relief sought herein, and with Ms. Hockridge's pretrial services officer, who has indicated that she has no concerns regarding Ms. Hockridge's remaining on release during the pendency of her appeal. The undersigned has also conferred with counsel for the Government, who has indicated

3

that the Government opposes the relief sought herein and intends to request that Ms. Hockridge be remanded immediately after sentencing.

8.      Despite the Government's opposition, imposing staggered sentences would be an unalloyed good. Ms. Hockridge is not a flight risk, particularly as she would not risk jeopardizing her relationship with her son. Ms. Hockridge poses no threat to the community and was not convicted of an offense involving violence or controlled substances. The alleged conspiracy for which she was convicted ended years ago, and she has no other criminal record. She is no threat to anyone. Ms. Hockridge would, of course, continue to observe any release conditions the Court deems appropriate.

9.      Staggering Ms. Hockridge's sentence would not lessen the weight any potential custodial sentence would carry for purposes of retribution, or for general or specific deterrence. All it would do is avert a tragic collateral consequence: that a young boy whose parents love him dearly would effectively be rendered an orphan. Ms. Hockridge humbly requests that the Court spare her son from that.

10.     If the Court is not inclined at present to grant a staggered sentence, Ms. Hockridge alternatively requests that the Court defer its decision until after Mr. Reis is sentenced.[2]

WHEREFORE Defendant Stephanie Hockridge humbly prays that the Court, if it is inclined to impose custodial sentences upon both her and Mr. Reis, stagger the sentences such that

---

[2]     In the event that Ms. Hockridge is given a custodial sentence, she also intends to file an alternative motion for release pending appeal under 18 U.S.C. § 3143. The Government has indicated it intends to suppose Ms. Hockridge's request for bail pending appeal. Deferring decision on the instant motion until after Mr. Reis's sentencing would therefore also provide the Court with additional time to consider Ms. Hockridge's forthcoming motion for bail pending appeal and the Government's response.

Ms. Hockridge would not be required to report for incarceration until the completion of Mr. Reis's sentence, and that the Court grant such other and further relief as it deems just and proper.

Dated: November 20, 2025         Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
MARK A. SRERE
KEVIN H. JENCO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*mark.srere@bryancave.com*
*kevin.jenco@bryancave.com*

*Attorneys for Defendant Stephanie Hockridge*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2025, a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's CM/ECF system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 20th day of November, 2025, the undersigned conferred via email with Assistant United States Attorney Matthew Weybrecht, who has indicated that the Government opposes the relief sought herein.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN