IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:24 CR-00287-O |
| | § | |
| STEPHANIE HOCKRIDGE, a/k/a | § | (02) |
| STEPHANIE REIS, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT STEPHANIE HOCKRIDGE'S
### OPPOSED MOTION FOR RELEASE PENDING APPEAL

Defendant Stephanie Hockridge, by and through undersigned counsel, hereby moves pursuant to 18 U.S.C. § 3143(b) for release upon appropriate conditions of supervision pending the outcome of her appeal. In support of this motion, Ms. Hockridge respectfully states:

1. Under 18 U.S.C. § 3143, the Court "shall" grant release pending appeal where a defendant shows (1) that she is not a flight risk or a danger to the community, (2) that her appeal raises a "substantial question of law or fact that is likely to result in" an acquittal, new trial, or a term of imprisonment shorter than the appeal, and (3) the motion is not made for purposes of delay. 18 U.S.C. § 3143(b). Ms. Hockridge has satisfied all of these elements.

2. In assessing flight and safety risks, district courts within the Fifth Circuit consider a variety of factors, including defendant's ties to the community, compliance with bond conditions, and the nature of the crime. *See Redeaux v. United States*, 806 F. Supp. 626, 627 (E.D. Tex. 1992); *United States v. Scheur*, 626 F. Supp. 2d 611, 615 (E.D. La. 2009). Ms. Hockridge has previously been granted pretrial, post-conviction, and post-sentencing release, all of which require a finding that she is not a flight risk and is not a danger to the community. *See* 18 U.S.C. §§ 3142(c), 3143(a).

3. Nothing in the past five months has altered that calculus. The evidence submitted in advance of sentencing, shows that she has strong family ties to the district (including her infant son). *See United States v. Stanford*, 630 F. Supp. 2d 751, 756 (N.D. Tex. 2009) (noting that "family ties" are evidence that a defendant is not a flight risk (citing *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992)). The fact that Ms. Hockridge's location is already monitored via an ankle monitor further demonstrates that appropriate release conditions are more than sufficient to ensure she is not a flight risk.

4. As to Ms. Hockridge's danger to the community, the Court expressly found at sentencing that Ms. Hockridge was unlikely to commit any further crimes. That finding makes sense, in that Ms. Hockridge has no other criminal history, was not convicted of a crime involving violence or controlled substances, and the conspiracy for which she was convicted ended years ago.

5. Ms. Hockridge has also raised multiple substantial questions that would require her conviction to be vacated or her sentence lowered substantially if the Fifth Circuit decides them in her favor. Some of those issues involve novel and unsettled legal questions, and all of them raise a substantial doubt about the validity of Ms. Hockridge's conviction or sentence. Given the numerous difficult questions of fact and law that the Fifth Circuit will have to answer on appeal, there is an appreciable likelihood that her conviction will be vacated.

6. Ms. Hockridge's challenges to her conviction and sentence are well-founded and sincere, not an attempt at delay. Indeed, permitting her continued release will assist in the just and speedy disposition of her appeal.

7. The determination of a substantial question is a case-by-case inquiry. *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985). A defendant can show that a question is

"substantial" by demonstrating that it is "*either* novel, which has not been decided by controlling precedent, *or* which is fairly doubtful." *Id.* (emphasis added).

8. The issues stated in summary fashion below are argued more fully in Ms. Hockridge's brief in support of this motion, which Ms. Hockridge incorporates by reference.

9. Among the numerous substantial issues that Ms. Hockridge has raised in this case and is likely to raise on appeal, three stand out as being particularly novel or difficult, thereby constituting "substantial" questions for purposes of her motion for bail pending appeal:

a. First, Ms. Hockridge objected at trial to the Government's proposed "deliberate ignorance" instruction—both because it was improper to provide as an alternative to an intent instruction and because it was unsupported by the evidence. Notably, Government attorney Philip Trout began his closing argument by claiming Ms. Hockridge had actual knowledge of the alleged conspiracy, despite the Fifth Circuit's clear instruction that "[w]here the Government relies on evidence of actual knowledge, the deliberate ignorance instruction is not appropriate," *United States v. Oti*, 872 F.3d 678, 697–98 (5th Cir. 2017). What's more, the Government had **disclaimed** reliance on a deliberate ignorance theory and accused Ms. Hockridge of "misconstru[ing] the [G]overnment's case" by suggesting it might pursue such a theory. Resp. to Mot. in Limine (Doc. #87) at 7. The Court's decision to nonetheless provide the instruction will present a substantial question on appeal.

b. Second, there is a substantial question as to whether Ms. Hockridge was improperly denied the ability to confront Government witness Eric Karnezis. At trial, Ms. Hockridge attempted to introduce exculpatory evidence of Ms. Hockridge's good faith, including evidence that Ms. Hockridge instructed VIPPP loan processors on how to root out fraud, and messages in which she worked to rectify fraudulent applications submitted by Karnezis's associate. While the Court eventually admitted some of that evidence, it did so only after the Government had rested and Karnezis was off the stand. On appeal, Ms. Hockridge will argue the delay in admitting evidence, especially when coupled with the Government's belated disclosure of potentially impeaching and exculpatory evidence after trial, violated her Confrontation Clause right to "sufficient cross-examination" of an adverse witness. *United States v. Garza*, 754 U.S. 1202, 1206 (5th Cir. 1985) (quotation omitted). Ms. Hockridge's appeal is likely to show that "a reasonable jury might have received a significantly different impression of [Mr. Karnezis's] credibility had defense counsel been permitted to pursue his proposed line of cross-examination." *United States v. Skelton*, 514 F.3d 433, 440 (5th Cir. 2008) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (alterations accepted)).

3

c. Third, there is a substantial question whether the Government presented facts at trial sufficient for the jury to find venue for Count One of the indictment, since the Government failed to prove that "the agreement was formed or an overt act occurred" in the Northern District of Texas. *United States v. Thomas*, 690 F.3d 358, 369 (5th Cir. 2012) (quoting *United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2019)). To make up for the lack of evidence, the Government relied on a novel theory of venue that runs counter to Fifth Circuit precedent—that venue can be established where a coconspirator outside the district "reaches in" to the district by performing an act with incidental effects in the district. But no Fifth Circuit case supports that theory; instead, the Fifth Circuit case law plainly requires that a venue-predicate act must *occur* in the district in which the defendant is charged. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014). At the very least, the Government's inventive venue theory has not previously found approval from the Fifth Circuit, and its novelty thus demonstrates the existence of a substantial question on appeal. *See Valera-Elizondo*, 761 F.2d at 1024.

10. Ms. Hockridge has also raised numerous other substantial challenges in her prior motions that could result in reversal of her conviction if successful on appeal. Her challenges include (1) the decision not to provide Ms. Hockridge's requested theory-of-defense instructions, *see* Mem. ISO Mot. for New Trial (Doc. #269) at 24–31; (2) the admission of dozens of out-of-court statements under the coconspirator exception, *see id.* at 32–35; (3) the Government's improper efforts to dissuade a defense witness from testifying, *see id.* at 13–16; (4) the Government's false nontarget assurance prior to Ms. Hockridge's interview, *see id.* at 16–19; (5) the Government's review and admission of confidential spousal communications, *see id.* at 39–41; (6) the Government's failure to prove the materiality of any false statements to the decision to lend, *see* Mem. ISO Mot. for J. of Acquittal (Doc. #267) at 20–23; (7) the Government's failure to prove a single, unified conspiracy, *id.* at 25–31; (8) the Government's improper use of a "filter team," including its failure to disclose any exculpatory or impeaching information in its possession, *see* Mot. to Compel Filter Team Review (Doc. # 59); (9) the Government's inclusion of false statements in its warrant applications, *see* Mot. to Suppress and for *Franks* Hearing (Doc. # 98); and (10) the jury's evident failure to reach a unanimous verdict beyond a reasonable doubt,

4

*s*ee Mem. ISO Mot. for New Trial Regarding Juror Conduct (Doc. #263); *see also Valera-Elizondo*, 761 F.2d at 1024 (requiring bail pending appeal for a "novel" question, i.e., one that "has not been decided by controlling precedent").

11. A favorable ruling from the Fifth Circuit on ***any*** of these issues, or on several other issues that Ms. Hockridge has argued in her pretrial and post-trial motions and discussed further in her memorandum in support of this motion, would require the reversal of her conviction. And all are at least debatable by a fair-minded jurist. For those reasons, they present substantial questions that warrant bail pending appeal.

12. In addition to challenging the rulings that preceded her conviction, Ms. Hockridge has raised additional challenges to the Government's loss calculations at sentencing that would substantially reduce her Guidelines range if her appeal on those issues is successful. Among them are two questions that the Fifth Circuit has never before addressed and which are therefore "novel," thereby meriting bail pending appeal:

   a. Ms. Hockridge objected to the Government's calculation of the loss amount, which the PSR and the Court adopted, on the grounds that it improperly aggregated the total amount of money ***disbursed*** for allegedly fraudulent loans processed by VIPPP, despite the plain language of the Sentencing Guidelines stating that "loss" in a government loan program fraud case is the ***difference*** between the loan amounts to which borrowers were lawfully entitled and the amounts borrowers received due to the alleged fraud. *See* U.S.S.G. § 2B1.1 cmt. 3(E)(ii) (indicating that, in "a case involving government benefits," including "loans," the loss amount is "the value of the benefits obtained by unintended recipients. . . . [I]f the defendant was the intended recipient of foods stamps having a value of $100 but fraudulently received food stamps having a value of $150, loss is $50."); *accord United States v. Nelson*, 732 F.3d 504, 522 (5th Cir. 2013) ("A defendant's false statement in seeking government benefits is insufficient to render him accountable for all benefits received or intended to be received."). Because the Government's summary chart provided no factual development about the delta between what applicants qualified for and what they received, Ms. Hockridge will argue on appeal that its loss calculation did not meet the requirements of the Guidelines. *Cf. United States v. McGuire*, 151 F.4th 307, 332 (5th Cir. 2025) (holding a "summary chart devoid of explanation of the underlying calculations" was insufficient to be relied on at sentencing).

b. The Court also overruled Ms. Hockridge's objection to the use of acquitted conduct—the conduct underlying the substantive counts of fraud on which she was acquitted—to arrive at the total offense level. *Compare* Def.'s PSR Objs. (Doc. #298) at 30, *with* Order (Doc # 353). The recent amendments to the Sentencing Guidelines preclude the consideration of acquitted conduct "unless such conduct also establishes, in whole or in part, the instant offense of conviction." U.S.S.G. § 1B1.3(c). Ms. Hockridge was acquitted of Counts Two through Five of the Superseding Indictment, which included the allegation that she had executed the scheme to defraud described in Count One of the Superseding Indictment. *See* Superseding Indictment (Doc. #163) ¶ 19. The conduct underlying the alleged execution of the scheme were considered in determining the loss amount, despite the fact that those acts did not form any element of the offense in Count One—which required only an agreement to commit fraud, not any act in furtherance thereof. Since the Fifth Circuit has not yet definitively interpreted the new Guidelines amendment regarding acquitted conduct, this novel issue presents a substantial question on appeal. *Valera-Elizondo*, 761 F.2d at 1024.

13. Even if the Court is not convinced that Ms. Hockridge will more likely than not prevail on appeal on those or any other issue, it should recognize at least that the issues she raises are either "novel" or "fairly doubtful," such that a reasonable jurist ***could*** agree with her arguments. *See Valera-Elizondo*, 761 F.2d at 1024. Even if the Court does not believe that any of its prior rulings were in error, the mere existence of novel or doubtful questions such as those described above are sufficient to permit Ms. Hockridge to be released on bail pending appeal.

WHEREFORE Defendant Stephanie Hockridge respectfully requests that the Court grant her release pending appeal on conditions such as those she has observed since her conviction, that it delay her report date until thirty days after any mandate of the Court of Appeals affirming her conviction and sentence issues, and that the Court grant such other and further relief as it may deem just and proper.

Dated: November 27, 2025          Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN
MARK A. SRERE

6

>KEVIN H. JENCO
>211 North Broadway, Suite 3600
>St. Louis, Missouri 63102
>Tel: (314) 259-2000
>Fax: (314) 259-2020
>*richard.finneran@bryancave.com*
>*mark.srere@bryancave.com*
>*kevin.jenco@bryancave.com*
>
>*Attorneys for Defendant Stephanie Hockridge*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2025, a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's CM/ECF system.

>*/s/ Richard E. Finneran*
>RICHARD E. FINNERAN

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 20th day of November, 2025, counsel for Ms. Hockridge conferred via email with Assistant United States Attorney Matthew Weybrecht, who has indicated that the Government opposes the relief sought herein.

>*/s/ Richard E. Finneran*
>RICHARD E. FINNERAN